# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# IN THE EASTERN DIVISION

DWIGHT ABERNATHIE,
Inmate No. 1076917;

        Case No.: 23-cv-1044

        Plaintiff,        Hon.:

### JURY TRIAL DEMANDED

vs.

SGT. CARL HART; LT. THOMAS; CAPT. DAVID
NEEL; SGT. CAMPELL; Ofc. EDWIN MESSERSMITH;
Ofc. GARY TIEFENAUER; UNIDENTIFIED
OFFICERS #1, #2, and #3, in their individual
capacities,

        Defendants.
_____/

### COMPLAINT AND JURY DEMAND

Plaintiff, **DWIGHT ABERNATHIE**, by and through his attorney, Ian T.

Cross, Esq., states for his Complaint the following:

### JURISDICTION

1.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331,

1343(a)(3), 1367; and 42 U.S.C. § 1983, and the Court has jurisdiction over any

award of attorneys' fees under 42 U.S.C. § 1988.

1

## VENUE

2.     Venue is based on the provisions of 28 U.S.C. § 1391(b)(2), as the events giving rise to the claims occurred within the State of Missouri, County of Saint Francois in the Eastern District of Missouri, Eastern Division.  *See* 28 U.S.C. § 105(a)(1).

## PARTIES

3.     Plaintiff Dwight Abernathie ("Plaintiff") (Missouri Department of Corrections Inmate No. 1076917) was confined at Eastern Reception, Diagnostic, and Correctional Center ("ERDCC") in Bonne Terre, Missouri, on October 28, 2021, at all times relevant to the instant complaint.  The plaintiff was later transferred to South Central Correctional Center, Licking, Missouri, where he is currently confined.

4.     Defendant CARL HART was a Sergeant on duty on October 28, 2021, at ERDCC and was personally involved in the events giving rise to the instant action.  Defendant HART is currently in federal custody awaiting sentencing for violating Plaintiff's civil rights and for charges related to possession of child pornography.

2

5.      Defendant THOMAS was a Lieutenant on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

6.      Defendant NEEL was a Captain on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

7.      Defendant CAMPELL was a Sergeant on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

8.      Defendant TIEFENAUER was a corrections officer on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

9.      Defendant MESSERSMITH was a corrections officer on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

10.     Defendant UNIDENTIFIED OFFICER 1 was a corrections officer on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

11.     Defendant UNIDENTIFIED OFFICER 2 was a corrections officer on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

12.     Defendant UNIDENTIFIED OFFICER 3 was a corrections officer on duty on October 28, 2021 at ERDCC and was personally involved in the events giving rise to the instant action.

13.     At all times relevant to the instant action each defendant acted under color of state law and each defendant is sued in their individual capacity.


## STATEMENT OF MATERIAL FACTS

14.     On October 28, 2021, Defendants MESSERSMITH and UNIDENTIFIED OFFICER 1, conducted a routine search of Plaintiff's cell.

15.     Upon returning to his cell on October 28, 2021, Plaintiff discovered his poster torn in half and laying on the cell floor.

16.     Plaintiff approached Defendant TIEFENAUER, the unit "bubble" officer, and reported the destruction of his personal property by MESSERSMITH and UNIDENTIFIED OFFICER 1. TIEFENAUER acknowledged the officers' misconduct, stating they should have known better. He advised Plaintiff to visit the Case Manager's office and speak to the on-duty sergeant, defendant HART.

17.     Plaintiff immediately became apprehensive upon learning that Defendant HART was the sergeant on duty, as HART was known by Plaintiff, other inmates, and staff to be overtly hostile towards inmates, volatile and prone to violence. HART was known by Plaintiff and other inmates to be an active member

of "Family Values" (a criminal gang), and routinely acted as an enforcer for other guards. Despite his reluctance and better judgment, Plaintiff proceeded to the Case Manager's office.

18.   Upon entering the office and informing Defendant HART about the destruction of his personal property by Defendants MESSERSMITH and UNIDENTIFIED OFFICER 1, Defendant HART became incensed, aggressively shouting, "shut your fucking mouth, you're a goddamn inmate!" Defendant HART further stated, "nothing you fucking say matters" and ordered Plaintiff to leave the office and return to his wing.

19.   Fearing retaliation, Plaintiff returned to his wing, contacted a family member via telephone to explain the situation, and while on the phone Plaintiff heard an order instructing him to hang up the phone and return to his cell.

20.   Plaintiff observed Defendants MESSERSMITH and UNIDENTIFIED OFFICER 1, visibly angry, charging towards him. Plaintiff hung up the phone and walked towards his cell, as the Defendants followed behind him screaming obscenities.

21.   Unable to understand the Defendants' commands, Plaintiff briefly looked back while continuing to walk forward in an attempt to understand what the Defendants were yelling. In response to this harmless action, Defendants

MESSERSMITH and UNIDENTIFIED OFFICER 1 sprayed the back of Plaintiff's head with OC spray.

22.     Plaintiff then noticed Defendant HART quickly approaching him from the side holding a large canister of OC spray.

23.     Fearing that the Defendants were intent on hurting him, Plaintiff changed direction and moved towards the camera located near the showers.

24.     Defendants HART, MESSERSMITH and UNIDENTIFIED OFFICER 1, continued to discharge chemical agents in Plaintiff's face, leaving him unable to see or breathe before tackling him to the ground.

25.     At this point, Defendants THOMAS, NEEL, CAMPELL, and UNIDENTIFIED OFFICERS 2 and 3 arrived and witnessed and/or participated in the assault.

26.     Each named and unidentified Defendant personally and repeatedly punched and kicked Plaintiff in the head, face, side and groin as he lay face down on the ground, hands cuffed behind his back, and unable to see or breathe properly.

27.     Defendant HART repeatedly struck Plaintiff in the head and face with a metal object, as he lay face down, defenseless, hands cuffed behind his back, offering no resistance, and unable to see and breathe properly.

28.     Defendants  MESSERSMITH,  THOMAS,  NEEL,  CAMPELL, TIEFENAUER, and UNIDENTIFIED OFFICERS 2 and 3 stood by and watched

6

as Defendant HART repeatedly struck Plaintiff in the head and face with a metal object as he lay face down, defenseless, hands cuffed behind his back, offering no resistance, and unable to see and breathe properly.

29.    Defendant HART then proceeded to forcefully twist Plaintiff's handcuffed wrists and fingers as one of the defendants yelled, "break a finger, break a finger!"  At this point Defendant HART abruptly stopped his efforts at injuring Plaintiff's wrists and fingers further.

30.    Plaintiff was forcibly put on his feet by means of lifting Plaintiff's cuffed wrists. Plaintiff was then escorted to Administrative Segregation (Ad Seg).

31.    In Ad Seg, Plaintiff's clothes were cut off and he was left naked for 24 hours and exposed to the lingering effects of chemical agents for 48 hours before being permitted to shower.

32.    Later in the evening on October 28, 2021, Defendants CAMPELL and HART came and read Plaintiff the major misconduct ticket HART issued him, which read:

> On the above date and approximate time during a use of force involving Offender Abernathie, Dwight #1076917 I received an injury to my right hand breaking multiple fingers. This happened due the actions of Offender Abernathie. By the Offenders own actions he places himself in violation of rule #2.1 Major Assault.

> Note: The above injuries required outside medical treatment.

7

33.    Plaintiff informed Defendant CAMPELL that the misconduct ticket was untrue and that he wished to plead not guilty.

34.    Defendant HART replied, "No, you don't have that right.  That 20 years you got to do, now add 19 to it."

35.    It would later be determined that Defendant HART had purposely broken his own fingers, but this determination was made after Plaintiff spent approximately 32 weeks in Ad Seg, in constant fear of retaliation by other officers and criminal prosecution related to the false allegations lodged against him by Defendant HART.

36.    As a direct result of the Defendants' actions and events on October 28, 2021, and the falsified misconduct report written on Plaintiff by Defendant HART, Plaintiff spent approximately 32 weeks in Ad Seg (isolation), without phone privileges, restricted mail, and limited recreation.

37.    As a direct result of the Defendants' actions and events on October 28, 2021, Plaintiff sustained numerous cuts and bruises to his head, face, and hands. Plaintiff's left eye was swollen completely shut following the attack, and Plaintiff is no longer able to see clearly from his left eye.  Because his ribs became separated, Plaintiff developed an infection in his chest which required antibiotics. Plaintiff continues to experience pain in his ribs.

8

38.     Because the incident was captured on institutional security cameras, Defendants and prison administrators knew as early as October 28, 2021, that Defendant HART's allegations against Plaintiff were fabricated and that Plaintiff had been the victim of a brutal unprovoked and unjustified attack.

39.     Despite having knowledge that Defendant HART's allegations against Plaintiff were fabricated, and that Plaintiff had been the victim of a brutal unprovoked and unjustified attack, prison administrators allowed the Defendants to conspire and attempt to cover up the assault on Plaintiff by issuing false reports, providing false statements, and failing to accurately report the incident and Defendant HART's egregious conduct.

40.     Defendant HART was eventually held to account for his criminal conduct. Federal prosecutors indicted HART for willfully violating Plaintiff's civil rights (18 U.S.C. § 242), and for additional federal charges related to possession of child pornography.  (*See* Ex. 1, Superseding Indictment, filed January 18, 2023.)

41.     On May 13, 2023, Defendant HART entered a guilty plea in the United States District Court for the Eastern District of Missouri in Case No. 4:22-CR-00692 RLW.  Defendant HART admitted to willfully violating Plaintiffs' civil rights.  (See Ex. 2.)

42.     Upon information and belief, Defendants (other than Defendant HART) have not been disciplined for their role in the October 28, 2021 attack on Plaintiff.

**CAUSES OF ACTION**

**COUNT I**

**Violation of the Eighth Amendment to the United States Constitution**
**Cruel and Unusual Punishment (42 U.S.C. § 1983)**
**(As to Defendants HART, MESSERSMITH and**
**UNIDENTIFIED OFFICER 1)**

43.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein in their entirety.

44.     The Eighth Amendment of the United States Constitution, as incorporated against States via the Fourteenth Amendment, guarantees that prisoners shall not be subjected to cruel and unusual punishment by State actors, including the unnecessary and wanton infliction of pain by prison officials.

45.     Defendants HART, MESSERSMITH and UNIDENTIFIED OFFICER 1 (collectively, "Count I Defendants") are state actors who used unjustified and unreasonable force against Plaintiff in violation of the Eighth Amendment.

46.     As described above in detail, the Count I Defendants used excessive, unjustifiable force, wantonly and sadistically against Plaintiff when they pepper-

sprayed, punched and kicked Plaintiff repeatedly in the head, face, side and groin as Plaintiff laid face down on the ground and offered no resistance.

47.     The force used by Count I Defendants was not in good faith nor in an effort to maintain control or security; Rather, the force was used to punish Plaintiff for the complaints he made against Defendants MESSERSMITH and UNIDENTIFIED OFFICER 1.

48.     As described above, Plaintiff posed no threat to Count I Defendants and Defendants could not have reasonably perceived any of Plaintiff's actions as constituting a threat to their safety or prison security.

49.     Count I Defendants acted maliciously and sadistically in furtherance of their targeted attack on Plaintiff by unnecessarily and wantonly inflicting pain, in violation of Plaintiff's constitutional rights.

50.     Count I Defendants fabricated false disciplinary and incident reports that alleged that Plaintiff had caused injury to HART to further punish Plaintiff and to cover up their unlawful, immoral, and criminal conduct.

51.     Defendant HART purposely broke several of his own fingers in the attempt to justify the force used against Plaintiff and to increase the severity of the charges and potential consequences Plaintiff would face. On information and belief, Defendant HART also sought to leverage his purported work-related finger

11

injuries to defraud the Missouri workers-compensation system and obtain benefits to which he was not actually entitled, including paid leave.

52.     Count I Defendants inflicted the following punishment/harm to Plaintiff:

a)     Abrasions, bruises, and cuts to his head, face, side, groin and hands;

b)     Causing Plaintiff's vision to deteriorate;

c)     Causing Plaintiff to develop an infection as a result of his ribs being separated; and

d)     Causing Plaintiff to Plaintiff suffer distress, trauma, fear, and depression resulting from his physical injuries.

53.     As a result of Count I Defendants' unprovoked conduct described above, Plaintiff suffered and is entitled to recover compensatory damages pursuant to 42 U.S.C. §1983 in an amount to be proved at trial and punitive damages for Defendants' willful and malicious conduct.

**COUNT II**

**Violation of the Eighth Amendment to the United States Constitution**
**Cruel and Unusual Punishment – Failure to Protect / Failure to Intervene**
**(42 U.S.C. § 1983)**
**(As to all Defendants)**

54.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein in their entirety.

12

55.     Defendants HART, MESSERSMITH, THOMAS, NEEL, CAMPELL, TIEFENAUER, and UNIDENTIFIED OFFICERS 1, 2, and 3 (collectively, "Count II Defendants"), were present during and observed the excessive use of force used against Plaintiff, listened as he screamed in pain, stood by and watched as HART sat on Plaintiff's back and repeatedly stuck him in the head and face with a metal object.

56.     The Count II Defendants each had a realistic opportunity to intervene and prevent the unjustified use of force against the Plaintiff.

57.     The Count II Defendants each were obligated to intervene and protect Plaintiff from the excessive force that unfolded before their eyes and ears, as each officer had a duty to intervene to protect an inmate when he saw another officer using excessive force against a prisoner.

58.     The non-intervention of Count II Defendants violated the Eighth Amendment rights of Plaintiff by failing to protect him from excessive force and their inaction manifested deliberate indifference to a substantial risk of serious harm and actual infliction of serious harm as described above.

59.     As a result of Count II Defendants' conduct, Plaintiff suffered and is entitled to recover compensatory damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at trial and punitive damages for Defendants' willful and/or malicious conduct.

13

## COUNT III

### Violation of the Eighth Amendment to the United States Constitution
### Cruel and Unusual Punishment – Failure to Properly Train and Supervise
### (42 U.S.C. § 1983)
### (As to Defendants Neel, Thomas and Campell)

60.    Plaintiff repeats and realleges the foregoing paragraphs, as though fully set forth herein in their entirety.

61.    Defendants (collectively, the "Count III Defendants") violated the Eighth Amendment rights of the Plaintiff by failing to properly train and supervise the Count I and Count II Defendants in their duties to provide care and custody to ERDCC prisoners and to use only reasonable and appropriate force and by failing to properly supervise their subordinates and enforce proper procedures concerning the use of force against prisoners.

62.    In violation of their duties, Count III Defendants directly enabled and sanctioned the use of excessive force in violation of and with deliberate indifference to the Plaintiff's Eighth Amendment rights.

63.    Based on the facts known and observed by Count III Defendants, including that Plaintiff had been pepper sprayed and was lying face down with his hands cuffed behind his back and was offering no resistance, while Defendants HART, MESSERSMITH, AND UNIDENTIFIED OFFICER 1 continued to beat,

14

punch and kick Plaintiff, Count III Defendants acquiesced in the use of excessive force against prisoners at ERDCC.

64.    Rather than providing Count I and Count II Defendants with proper training and supervision, Count III Defendants allowed and/or implicitly authorized and/or acquiesced in continuing the unspoken policy or custom at ERDCC whereby ERDCC officers assault ERDCC prisoners as a means of retaliation; failed to take appropriate remedial measures against correctional officers who perpetuate the unspoken policy or custom of committing assaults on prisoners as a means of retaliation; and otherwise allowed a culture of tolerance and/or acquiescence for civil rights violations to exist at ERDCC, whereby correctional officers at ERDCC believe they can use unnecessary force with impunity.

65.    Defendants HART, MESSERSMITH and UNIDENTIFIED OFFICER 1, perpetuated, and Count III Defendants allowed and/or implicitly authorized and/or acquiesced in the execution of the above-described policy and/or custom against Plaintiff as described above.

66.    As a result of Count III Defendants' conduct, Plaintiff was punished by the inflicted physical, mental, and emotional injuries described above, and, in addition, Plaintiff was punished with approximately 32 weeks in solitary confinement.

15

67.     As a result of Count III Defendants' conduct, Plaintiff suffered and is entitled to recover compensatory damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at trial and punitive damages for Defendants' willful and/or malicious conduct.

## COUNT IV

**Violation of the First Amendment to the United States Constitution**
**Retaliation for Exercising First Amendment Rights**
**(42 U.S.C. § 1983)**
**(As to all Defendants)**

68.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein in their entirety.

69.     Under the First Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, Plaintiff was engaged in a constitutionally protected activity when he complained of Defendants' misconduct on October 28, 2021, and this protected activity was a substantial and motivating factor in the Defendants' decision to retaliate against Plaintiff.

70.     The First Amendment protects Plaintiff against state action that substantially burdens his ability to engage in protected speech.

71.     By assaulting and pepper spraying Plaintiff, confining him to Ad Seg after the attack, leaving him naked covered in pepper spray and retaliating against him in the myriad ways described above, Defendants have substantially inhibited

16

and constrained conduct and expression that manifests central tenets of Plaintiff's right to engage in free speech, and Defendants meaningfully curtailed and retaliated against Plaintiff for exercising his First Amendment right. The retaliation visited on Plaintiff, including a brutal physical assault, placement in administrative segregation for months, and false misconduct charges, would deter a person of ordinary firmness from exercising their First-Amendment rights.

72.    Plaintiff respectfully requests that the Court enter a judgment in his favor, and against the Count IV Defendants in their individual capacity for damages in whatever amount Plaintiff is found to be entitled; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages, as provided by applicable law.

## COUNT V

### Conspiracy to Violate Civil Rights
### (42 U.S.C. § 1983)
### (As to all Defendants)

73.    Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein in their entirety.

74.    Defendants    HART,    MESSERSMITH,    THOMAS,    NEEL, TIEFENAUER, CAMPELL, and UNIDENTIFIED OFFICERS 1, 2, and 3 (collectively, "Count V Defendants") acted in concert to use unjustified and

17

excessive force, to cover up the assault of Plaintiff through false incident reports, false disciplinary charges, and false testimony and to retaliate against Plaintiff in violation of his First and Eighth Amendment rights.

75.     Defendants HART, MESSERSMITH and UNIDENTIFIED OFFICER 1, acted in a preplanned and coordinated effort to retaliate using force against Plaintiff for his complaint against Defendants MESSERSMITH and UNIDENTIFIED OFFICER 1.

76.     Defendants HART, MESSERSMITH and UNIDENTIFIED OFFICER 1, pepper sprayed, beat, punched, and kicked Plaintiff, continued their conspiracy to cover up their conduct, and further deprived Plaintiff of his constitutional rights by coordinating to fabricate incident reports and disciplinary charges against Plaintiff.

77.     Remaining Count V Defendants participated in the conspiracy by observing the above Defendants assault Plaintiffs and purposely standing by and failing to intervene or accurately report the incident.

78.     As a result of Count V Defendants' conduct, Plaintiff is entitled to recover compensatory damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at trial and punitive damages for Defendants' willful and/or malicious conduct.

## COUNT VI

## Common Law Battery
### (As to Defendants Hart, Messersmith and Unidentified Officer 1)

79.     Plaintiffs repeat and re-allege the foregoing paragraphs, as though fully set forth herein in their entirety.

80.     A defendant is subject to liability for battery if he intends to, and actually does, cause harmful or offensive contact with the person of another.

81.     Defendants HART, MESSERSMITH, and UNIDENTIFIED OFFICER 1, (collectively, "Count VI Defendants") intentionally attacked and pepper sprayed Plaintiff as he walked to his cell, thereby committing battery.

82.     Count VI Defendants beat, punched, and kicked Plaintiff in the head, face, side and groin as he lay helpless on the floor, thereby committing battery.

83.     Defendant HART repeatedly stuck Plaintiff in the head and face with a metal object as he lay face-down on the ground with his hands cuffed behind his back, thereby committing battery.

84.     Defendant HART twisted Plaintiff's wrists and fingers for the sole purpose of inflicting pain, thereby committing battery.

85.     Count VI Defendants used unjustified and excessive force against Plaintiff, thereby committing battery.

86.     Plaintiff respectfully requests that the Court enter a judgment in his favor, and against the Count VI Defendants in their individual capacities for damages in whatever amount Plaintiff is found to be entitled; costs and attorneys'

fees wrongfully incurred to bring this action; and any other damages, including punitive damages for the Defendants' willful and/or malicious conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in their favor and against Defendants on each and every count in this Complaint and enter an order awarding all appropriate damages to Plaintiff and relief adequate to remedy the statutory and constitutional violations. Plaintiff also requests attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988, and that the Court order any further relief the Court may deem just and proper.

Dated: August 22, 2023                    Respectfully Submitted,

**CROSS LAW PLLC**

*/s/ Ian T. Cross*
Ian T. Cross P83367(MI)
*Pro Hac Vice Admission Pending*
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com

## **JURY DEMAND**

Plaintiff, by and through his undersigned counsel, and hereby demands a jury trial of the above causes of action so triable.

Dated: August 22, 2023                    Respectfully Submitted,

**CROSS LAW PLLC**

*/s/ Ian T. Cross*
Ian T. Cross P83367(MI)
*Pro Hac Vice Admission Pending*
Attorney for Plaintiff Dwight Abernathie
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com