Exhibit 2:

Guilty Plea Agreement for Carl Hart
May 23, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CR-00692 RLW ) |
| CARL HART, | ) ) |
| Defendant. | ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree as follows:

**1.   PARTIES**

The parties are the defendant CARL HART, represented by defense counsel Michael Skrien, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for the defendant's voluntary pleas of guilty to Counts I, II, and III of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's assault on inmate D.A. on October 28, 2021 and defendant's possession of child pornography from an unknown date through June 29, 2022, of which the Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.

1

The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: two cellular telephones and an external hard drive. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.  **ELEMENTS**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 242, and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Deprivation of Rights Under Color of Law which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant deprived D.A. of a right, privilege, or immunity secured by the Constitution or laws of the United States, specifically, the right to be free from cruel and unusual punishment, (2) defendant acted willfully, in that the defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right; and (3) defendant acted under color of law.

As to Counts II and III, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce.

**4.   FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

**Count I:** On October 28, 2021, the defendant was a corrections sergeant in the Missouri Department of Corrections in Bonne Terre, Missouri. Victim D.A. was housed in the wing in which the defendant was assigned. Following a search of the victim's cell which resulted in a poster being destroyed, victim complained to the defendant about the corrections officers' actions and asked for the poster to be replaced. The defendant ignored the victim's request, informed him that he's just an inmate, and sent him out of the office. The defendant then called for a lockdown. When the victim did not immediately go to his cell, two corrections officers followed him and sprayed him with O.C. spray (mace). When the victim went to the shower room to rinse the spray out of his eyes, the defendant and other corrections officers followed him. The defendant struck the victim while in the shower. After the victim backed out of the shower, laid on the ground and put his

hands behind his back to be handcuffed, the defendant continued to strike the victim and wrenched the victim's wrists while the defendant sat on the victim's back. As a result of the defendant's actions, the victim had injuries that included lacerations to his head, swelling to his face, a black eye, left rib pain, and numbness in his arms. The victim still has pain to his ribcage.

**Counts II and III:** On April 11, 2022, the Missouri Highway Patrol Digital Forensics Unit received a cyber tip through the Center for Missing and Exploited Children from Dropbox. The tip reported files of suspected child pornography associated with the Dropbox account of "Unknown Nwo" with a verified email address of tryingitnew2016@gmail.com. That email account and Dropbox account belonged to the defendant. The Dropbox account had been open since April 21, 2018. A search warrant was executed at the defendant's home on June 29, 2022. Law enforcement seized two cellular phones and an external hard drive. Multiple images and at least one video of child pornography had been possessed in and accessed from the defendant's Dropbox account. Further, one of the defendant's phones was found to have at the least, a collage of images, some of which depicted prepubescent minors engaged in oral and sexual intercourse. The defendant admitted to accessing and viewing the child pornography.

In summary, between April 21, 2018, and June 29, 2022 the defendant knowingly possessed and knowingly accessed with intent to view image files of child pornography in the "Unknown Nwo" Dropbox account that had been mailed, or shipped, or transported using any means and facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means, including by computer including, but not limited to, the following:

   a. "27f6699c-3618-461e-9902-1e88c3f36cc3.jpg," a graphic image file that depicts, in part, a minor female in lascivious exhibition of her genitals and pubic area;

4

b. "42bbf2d7-1785-44c3-8140-26343aff7bb4.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

c. "61111b2d-ab18-469a-8374-95398f567165.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

d. "920a914d-acf4-4feb-ac6b-b366a23eac18.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

e. "a7f46677-34d7-40d0-8e65-ece78ce07992.jpg," a graphic image file that depicts, in part, a prepubescent minor female in a lascivious exhibition of her genitals and pubic area;

f. "d3c77d09-12ae-4ca6-8d48-6d1c843f4ef0.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

g. "e0171597-467c-40f1-8038-348c87ff857e.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

h. "ed321f3b-a652-47b4-b389-066dbc6a948f.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

i. "236b6269-bda2-4aea-9c34-031e58c48572.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

j. "986a8385-589c-4604-b902-ac3bb696a5eb.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

k. "a1b195a6-2e30-45c2-94e9-8c3a6455e4ba.jpg," a graphic image file that depicts, in part, a male engaged in sexual intercourse with a minor female; and

l. "c1a917db-3af8-46c4-9a55-9f2fefaaa014.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

m. "9b4b7cd2-3953-4036-ad59-ed57c0ee06f2.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

n. "b7486571-6a63-4c5b-b150-502cb71ed423.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

o. "8dadb11c-308e-4283-a79c-00353cfc8a90.mp4," a graphic video file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area and masturbating.

The defendant also knowingly possessed material that contained images of child pornography on June 29, 2022, that were produced using material that traveled in interstate and foreign commerce, on his Samsung cellular telephone that was produced outside the State of Missouri and therefore traveled in interstate commerce, and said cellular telephone contained child pornography, including, "107928863_104679.jpg," a graphic image file that depicts, in part, a collage of images, of which some images depict prepubescent minors engaged in oral and sexual intercourse. Defendant knowingly possessed and accessed with intent to view ten or more of images of child pornography. Defendant sent and obtained the child pornography over the internet.

5. **STATUTORY PENALTIES**

The defendant fully understands that for Count I, the maximum possible penalty provided by law for Deprivation of Rights Under Color of Law, to which the defendant is pleading guilty,

6

is imprisonment of not more than ten (10) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years. The defendant fully understands that for Counts II and III, the maximum possible penalty provided by law for Possession of Child Pornography, the crime to which the defendant is pleading guilty, is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years.

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

Additionally, per Title 18 United States Code Section 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than $17,000.00 if convicted of Title 18 United States Code Section 2252(a)(4) or Section 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography.

**Possibility of Enhanced Criminal Status:** In certain situations, defendant may be subject to a mandatory minimum sentence and a maximum sentence greater than described above. Below are some of the provisions that have increased sentences for certain prior convictions:

| Possession or Access with the Intent to View Child Pornography<br><br>18 U.S.C. §§ 2252(b)(2) and 2252A(b)(2) | One or more prior convictions: 10 years to 20 years. |
|---|---|

The defendant is pleading guilty with full knowledge of these, as well as other possibilities, has discussed the possibilities with counsel and will not be able to withdraw the guilty plea if the

7

Court determines that the defendant is subject to different minimum or maximum sentences than described herein.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a. **Chapter 2 Offense Conduct:**

(1) **Count I - Base Offense Level**: The parties agree that the base offense level is 14, as found in Sections 2A2.2(a)(2) and 2HI.1(a)(1).

(2) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

The parties agree that six (6) levels should be added pursuant to Section 2H1.1(b)(1)(B) because defendant was acting under color of law.

The parties agree that five (5) levels should be added pursuant to Section 2A2.2(b)(3)(B) because victim D.A. suffered serious bodily injury.

The parties agree that two (2) levels should be added pursuant to Section 3A1.3 because victim D.A. was restrained.

(3) **Counts II & III - Base Offense Level**: The parties agree that the base offense level is 18, as found in Section 2G2.2(a)(1).

(4) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

8

The parties agree that two (2) levels should be added pursuant to Section 2G2.2(b)(2) because he possessed images of prepubescent minors.

The parties agree that four (4) levels should be added pursuant to Section 2G2.2(b)(4) because the material portrays sadistic or masochistic conduct or other depictions of violence.

The parties agree that two (2) levels should be added pursuant to Section 2G2.2(b)(6) for use of a computer.

The parties agree that two (2) levels should be added pursuant to Section 2G2.2(b)(7)(A) because defendant possessed 10 or more images.

**b. Chapter 3 Adjustments (as to all Counts):**

**(1) Multiple Count Adjustment:** The parties are fully aware that units may be assigned pursuant to Sections 3D1.4(a) and (b), and that this may result in an increase in the offense level. The parties agree that Counts II and III will be grouped as one (1) unit. The parties further agree that because Count I is 1 to 4 levels less serious than the first unit of Counts II and III, Count I counts as one (1) unit for a total of two (2) units. Under Section 3D1.4, when the number of units is two (2), two levels are added to the highest level. Adding the two (2) levels to the above highest subtotal of 28, results in a total offense level of 30.

**(2) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction,

9

the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

 **c. Other Adjustment(s)/Disputed Adjustments:** The parties have no further agreement regarding any other adjustments.

 **d. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 27.

 **e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

 **f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

 **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

      **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

      **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

**8. OTHER**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies**: Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total

of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2023, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Title 18, United States Code, Section 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography).

The assessment imposed under Title 18, United States Code, Section 3014 is in addition to the mandatory special assessment imposed under Title 18, United States Code, Section 3013.

e. **Possibility of Detention**: The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: two cellular telephones and an external hard drive. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands, and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant understands that, by pleading guilty, the defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply for life. The defendant understands that the defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes in name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person said sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for

failure to comply with any such sex offender registration requirements. If the defendant resides in Missouri following release from prison, the defendant will be subject to the registration requirements of Missouri state law. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any

agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT**

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

5/17/2023
Date

*Christine Krug*
CHRISTINE KRUG, MO42586
Assistant United States Attorney

5-13-2023
Date

CARL HART
Defendant

5-17-2023
Date

MICHAEL SKRIEN, MO43133
Attorney for Defendant

18