UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
IN THE EASTERN DIVISION

DWIGHT ABERNATHIE,
Inmate No. 1076917;

      Plaintiff,

vs.

CART HART, et. al.,

      Defendants.
_____/

Case No.: 4:23-CV-01044
Hon.: Henry Edward Autrey

## PLAINTIFF'S MOTION TO EXTEND THE TIME FOR SERVICE AS TO DEFENDANT CARL HART

Plaintiff, **DWIGHT ABERNATHIE**, by and through his attorney, Ian T. Cross, Esq., hereby moves for a sixty-day extension of the time for service of Defendant Carl Hart. In support of his Motion, Plaintiff states the following:

1. Plaintiff filed this action on August 22, 2023. The federal rules ordinarily provide for ninety days to serve defendants after a complaint is filed. Fed. R. Civ. P. 4(m).

2. If a plaintiff is able to show "good cause" for failing to serve a defendant within the time provided by Rule 4(m), the district court "*shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for

1

service rather than dismiss the case without prejudice." *Kurka v. Iowa County,* 628 F.3d 953, 957 (8th Cir. 2010) (emphasis in original).

3.  Plaintiff has been diligent in attempting to serve all of the defendants within the time provided by Rule 4(m), but he has been unable to serve Defendant Hart. On May 23rd, 2023, Defendant Hart pled guilty to violating Plaintiff's civil rights, *see United States v. Hart,* 4:22-cr-00692 (E.D. Mo.), ECF No. 34, and on October 4th, Defendant Hart was sentenced to eighty-four months in federal prison. *Id.* at ECF No. 55.

4.  Defendant Hart was also facing additional criminal charges in state court in Missouri, which, on information and belief, were dismissed in late October shortly after his federal sentencing.

5.  Defendant Hart does not appear in the Bureau of Prisons offender-search database. Plaintiff has called various county jails in eastern Missouri, but has been unable to determine where Defendant Hart is presently held. Defendant Hart is believed to be either in federal custody or en route to federal custody from a county jail.

5.  In this case, "good cause" exists for Plaintiff's failure to serve Defendant Hart within the time provided by Rule 4(m). While Plaintiff has been unable to contemporaneously determine Defendant Hart's location during the Bureau of Prisons' intake and security-classification process and while Defendant Hart's state

2

charges were pending, Defendant Hart's location should become apparent once he is transferred to the facility where he will serve his federal sentence.

6.  Plaintiff requests a sixty-day extension of the time to serve Defendant Hart, so that Plaintiff can serve Defendant Hart after he completes the BOP intake and classification process and is assigned to a permanent BOP facility.

7.  Counsel for the other Missouri DOC Defendants has advised that they do not oppose the relief requested.

Dated: July 7, 2023                                            Respectfully Submitted,


**CROSS LAW PLLC**


*/s/ Ian T. Cross*
Ian T. Cross P83367(MI)
Attorney for Plaintiff Dwight Abernathie
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com