IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT ABERNATHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:23-cv-01044-HEA |
| | ) | |
| CARL HART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Carl Hart, Renee Neel, William Campell, Edwin Messersmith, Gary Tiefenauer, Tyson Manche, Robert Reckert, Dennis Spralding, and Donald Armbruster ("Defendants") by and through undersigned counsel, hereby answer Plaintiff's Amended Complaint as following:

1. Admitted.

2. Admitted.

**PARTIES TO THIS COMPLAINT**

3. Admitted.

4. Admitted that Carl Hart was a sergeant on duty on October 28, 2021 at ERDCC. Defendants lack sufficient knowledge or information with regard to the truth of the remaining averments contained in paragraph 4, and therefore deny the same.

5. Admitted that Defendant Neel was a Captain on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

6. Admitted that Defendant Campbell was a Sergeant on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

7. Admitted that Defendant Tiefenauer was a corrections officer on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

8. Admitted that Defendant Messersmith was a corrections officer on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

9. Admitted that Defendant Spralding was a corrections officer on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

10. Admitted that Defendant Reckert was a corrections officer on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

11. Admitted that Defendant Manche was a sergeant on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

12. Admitted that Defendant Armbruster was a sergeant on duty on October 28, 2021 at ERDCC. Defendants deny the remaining averments.

13. Defendants deny the allegations contained in Paragraph 13.

## STATEMENT OF MATERIAL FACTS

14. Admitted

15. Defendants lack sufficient knowledge or information with regard to the truth of the averments contained in paragraph 15, and therefore deny the same.

16. Defendants lack sufficient knowledge or information with regard to the truth of the averments contained in paragraph 16, and therefore deny the same.

17. Defendants lack sufficient knowledge or information with regard to the truth of the averments contained in paragraph 17, and therefore deny the same.

18. Defendants lack sufficient knowledge or information with regard to the truth of the averments contained in paragraph 18, and therefore deny the same.

19. Defendants lack sufficient information with regard to the truth of the averments contained in paragraph 19, and therefore deny the same.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants lack sufficient information with regard to the truth of the averments contained in paragraph 23, and therefore deny the same.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants admit the averments contained in paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants lack sufficient information with regard to the truth of the averments contained in paragraph 43, and therefore deny the same.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants admit the averments contained in paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants admit the averments contained in paragraph 48.

49. Defendants admit that Hart was indicted but deny all other allegation in paragraph 49.

50. Defendants admit the averments contained in paragraph 50.

51. Defendants lack sufficient information with regard to the truth of the averments contained in paragraph 51, and therefore deny the same.

## CAUSES OF ACTION

52. Defendants incorporate all previous answers as if fully set forth herein.

53. The allegations contained in paragraph 53 are assertions of law that need be neither admitted nor denied; to the extent any facts are asserted in an attempt to state a claim against Defendant, such facts are denied.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants incorporate all previous answers as if fully set forth herein.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. The allegations contained in paragraph 70 are assertions of law that need be neither admitted nor denied; to the extent any facts are asserted in an attempt to state a claim against Defendant, such facts are denied.

71. The allegations contained in paragraph 71 are assertions of law that need be neither admitted nor denied; to the extent any facts are asserted in an attempt to state a claim against Defendant, such facts are denied.

72. The allegations contained in paragraph 72 are assertions of law that need be neither admitted nor denied; to the extent any facts are asserted in an attempt to state a claim against Defendant, such facts are denied.

73. Plaintiff does not label any paragraph 73; to the extent that Defendants have overlooked or missed a Paragraph 73, they deny all allegations contained within.

74. Defendants incorporate all previous answers in paragraph 74 as if fully set forth herein.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny the allegations contained in Paragraph 81.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants incorporate all previous answers in paragraph 85 as if fully set forth herein.

86. Defendants deny the allegations contained in Paragraph 86.

87. The allegations contained in paragraph 87 are assertions of law that need be neither admitted nor denied; to the extent any facts are asserted in an attempt to state a claim against Defendant, such facts are denied.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants incorporate all previous answers in paragraph 90 as if fully set forth herein.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

95. Defendants deny the allegations contained in Paragraph 95.

96. Defendants incorporate all previous answers in paragraph 96 as if fully set forth herein.

97. The allegations contained in paragraph 97 are assertions of law that need be neither admitted nor denied; to the extent any facts are asserted in an attempt to state a claim against Defendant, such facts are denied.

98. Defendants deny the allegations contained in Paragraph 98.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

## Jury Trial Demand

Defendants hereby demand a jury trial.

## Affirmative Defenses

### First Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that Plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### Second Affirmative Defense

For further answer and as an affirmative defense, Defendants are entitled to qualified immunity for all claims against them because any actions taken by Defendants in regard to Plaintiff were done under the reasonable and good-faith belief that said actions were constitutional and compliant with applicable law.

### Third Affirmative Defense

For further answer, and as an affirmative defense, and to the extent that Plaintiff seeks to hold Defendants liable for the alleged actions or inactions of others, his claim is premised on the doctrine of respondeat superior, which is not a basis for liability under 42 U.S.C. § 1983 and/or state law.

*Fourth Affirmative Defense*

For further answer and as an affirmative defense, and to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities, such relief is prohibited by the Eleventh Amendment to the United States Constitution.

*Fifth Affirmative Defense*

For further answer and as an affirmative defense, and to the extent that Plaintiff has sued Defendants in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983. Plaintiff, therefore, fails to state a claim under § 1983 upon which relief can be granted.

*Sixth Affirmative Defense*

For further answer and as an affirmative defense, Defendants state that the injuries and/or damages suffered by Plaintiff were due to and caused by Plaintiff's own acts and conduct and, accordingly, the principles of comparative fault should be applied.

*Seventh Affirmative Defense*

For further answer and as an affirmative defense, Defendants state that if discovery shows that Plaintiff has failed to properly exhaust his administrative remedies, specifically, though not necessarily only, under 42 U.S.C. § 1997e, then Plaintiff's claim is not cognizable under the Prison Litigation Reform Act.

*Eighth Affirmative Defense*

For further answer and as an affirmative defense, Defendants state that punitive damages are not available for the actions alleged in Plaintiff's Amended Complaint under federal and state law.

*Ninth Affirmative Defense*

For further answer, and as an affirmative defense, Defendants incorporate each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendants specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Eric P. Kinnaw*
Eric P. Kinnaw
MO Bar #72881
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
(314) 340-7880
eric.kinnaw@ago.mo.gov

*Attorney for Defendants Hart, Neel, Campell, Messersmith, Tiefenauer, Manche, Reckert, Spradling, and Armbruster*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2024, the foregoing was filed electronically with the Clerk of the Court, which sent notification to all counsel of record.

*/s/ Eric P. Kinnaw*
Assistant Attorney General