**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
IN THE EASTERN DIVISION**

**DWIGHT ABERNATHIE,**
**Inmate No. 1076917;**

      Plaintiff,                                           Case No.: 23-cv-1044
                                                          Hon. Henry Edward Autrey

vs.

**CARL HART, et. al**,

      Defendants.

_____/

**<u>PLAINTIFF DWIGHT ABERNATHIE'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**<u>Argument</u>**

This is an excessive force case concerning an incident for which a Missouri corrections officer was prosecuted. In May of 2023, Defendant Carl Hart pled guilty to violating the federal criminal civil rights statute, 18 U.S.C. § 242, by willfully depriving Plaintiff Dwight Abernathie of his Eighth Amendment right to be free of cruel and unusual punishment. (*Plaintiff's Statement of Uncontroverted Material Facts* [hereinafter "SOF"] #4.)

Defendant Hart may not deny the admissions he made in his guilty plea agreement in a subsequent legal proceeding. *See United States v. Aleff,* 772 F.3d 508, 510 (8th Cir.

1

2014); *Hernandez-Uribe v. United States*, 515 F.2d 20, 22 (8th Cir. 1975); *United States v. Hamed*, 976 F.3d 825, 828-29 (8th Cir. 2020). In *Hamed*, the Eighth Circuit held that a federal criminal defendant "would derive an unfair advantage" if he were allowed to retain the benefits of his guilty plea, specifically, a three-point reduction in his base offense level for acceptance of responsibility, and he were later permitted to deny responsibility for the same criminal conduct in a subsequent civil case. *See Hamed*, 976 F.3d at 830 (8th Cir. 2020). Like the defendant in *Hamed*, Defendant Hart has similarly benefited from accepting responsibility for his criminal behavior via a reduction in his base offense level. (SOF #9).

The statute under which Defendant Hart pled guilty "is merely the criminal analog of 42 U.S.C. § 1983[.]" *United States v. Mohr*, 318 F.3d 613, 624 n.5 (4th Cir. 2002). Under both 18 U.S.C. § 242 and 42 U.S.C. § 1983, "the actionable conduct is deprivation of rights secured by the Constitution or laws of the United States." *United States v. Bingham*, 812 F.2d 943, 948 (5th Cir. 1987). The only relevant difference between the elements of the § 242 criminal offense and the § 1983 civil tort is that the criminal statute requires the defendant to "***willfully*** subject[]" the victim to a deprivation of a federal right, *See* 18 U.S.C. § 242 (emphasis added), while the civil statute merely requires the defendant to, "subject[], or cause to be subjected" the plaintiff to such a deprivation. *See* 42 U.S.C. § 1983. To meet the 'willfulness' element of 18 U.S.C. § 242, the government must prove that the defendant acted with the "specific intent to deprive" the victim of his constitutional rights; criminal liability cannot arise from an officer's use of force that the

officer believed, however wrongly, to have been reasonable or necessary at the time. *See United States v. Boone,* 828 F.3d 705, 711 (8th Cir. 2016). In his plea agreement, Defendant Hart explicitly admitted to the willfulness element, acknowledging that he acted "with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive" Mr. Abernathie of his Eighth Amendment rights. (SOF #5). Such an admission is inconsistent with any potential claim of qualified immunity. *See New v. Denver,* 787 F.3d 895, 900 (8th Cir. 2015) ("Qualified immunity does not protect . . . those who knowingly violate the law.").

By pleading guilty, a criminal defendant admits all essential elements of the offense charged. *See Hernandez-Uribe v. United States,* 515 F.2d 20, 21 (8th Cir. 1975). The offense to which Defendant Hart pled guilty, 18 U.S.C. § 242, has four elements: "color of law, willfulness, inhabitancy of the victims, and deprivation of a right secured or protected by the Constitution or laws of the United States[.]" *United States v. Fleming,* 526 F.2d 191, 192 (8th Cir. 1975). Included in these four elements are both of the essential elements of a 42 U.S.C. § 1983 claim: "(1) 'the violation of a right secured by the Constitution and laws of the United States' (2) by 'a person acting under color of state law.'" *See Yassin v. Weyker,* 39 F.4th 1086, 1089 (8th Cir. 2022). Defendant Hart also admitted that a five-level increase in his base offense level was warranted under U.S.S.G § 2A2.2(b)(3)(B), since Mr. Abernathie suffered "serious bodily injury." (SOF #6). Defendant Hart's admission that Mr. Abernathie suffered "serious bodily injury" during the assault means that the 42 U.S.C. § 1997e(e) physical-injury requirement for

prisoner civil rights claims is satisfied. *See McAdoo v. Martin*, 899 F.3d 521, 526 (8th Cir. 2018).

## Conclusion

On the question of Defendant Hart's liability under Count I, all material facts have been admitted. There is nothing left for Defendant Hart to litigate. The Plaintiff is thus entitled to partial judgment as a matter of law on the question of Defendant Hart's liability with respect to Count I, and this claim should be submitted to a jury only for a determination of damages.

Dated: September 30, 2024              Respectfully Submitted,

                                        **CROSS LAW PLLC**

                                        /*s*/ Ian T. Cross
                                        Ian T. Cross P83367(MI)
                                        Pro Hac Vice
                                        Attorney for Plaintiff Dwight Abernathie
                                        402 W. Liberty St.
                                        Ann Arbor, MI 48103
                                        (734) 994-9590
                                        ian@lawinannarbor.com