IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWIGHT ABERNATHIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARL HART, *et al.*, ) <br> ) <br> Defendants. ) | Cause No. 4:23-cv-01044-HEA <br> Hon: Henry E. Autrey |

**STIPULATED PROTECTIVE ORDER**

1. Documents or information disclosed or produced by the parties in this lawsuit may include highly personal, health, or confidential documents or information of the parties or other individuals or entities involved in this lawsuit.

2. To protect the sensitive nature of some of the information contained in documents tangible items, or deposition testimony developed and exchanged through discovery, the parties, and their attorneys, agree that documents, items and information designated as Confidential by any party shall be kept confidential and not disclosed to anyone other than parties, attorneys representing parties in this case, their employees, or such support staff and persons or entities employed to assist the attorneys representing the parties in this case. Nothing in this section shall prejudice any party's right to challenge any Confidential designation after it is made.

3. As used in this Order, "CONFIDENTIAL Material" shall mean the following:

   a. Personal information of parties and non-party employees such as Social Security numbers, dates of birth, medical information and other such personal information;

   b. Medical records;

c. Information designated as "Confidential" by counsel for any party to this litigation pursuant to ¶ 4, below.

d. Confidential information shall not include any information which the public has a right to obtain through the Missouri Open Meetings Act, also known as the Sunshine Law.

4. To protect the sensitive nature of the information contained in these documents or tangible items, as well as any such information disclosed during the course of depositions, Counsel for any party to this litigation may initially designate as "Confidential" hereunder any Discovery Materials if counsel reasonably believes, in good faith, that the materials implicate Plaintiff's or other individuals' highly personal, health, or confidential documents or information, or Defendant's institutional security interest or privacy concerns. Any party designating material as "Confidential" hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.

5. In designating material as "Confidential," the party so designating shall identify the protected material with specificity during or immediately prior to a deposition or other legal proceeding. Any party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. The burden of establishing that the materials are covered by this Protective Order remains with the party seeking the designation. Until the Court resolves the dispute, the material shall be treated as protected and subject to the conditions set forth in this Order. But if the Court declines to resolve the dispute, the materials shall not be deemed Confidential.

6. Confidential material provided and designated as CONFIDENTIAL by any Party, pursuant to ¶ 4 and without prejudice to ¶ 5 above, during the course of this litigation shall be handled and disclosed by the parties only as follows:

    a. Confidential material may be used only for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form other than to:

        i. Plaintiffs and Defendants;

        ii. Counsel for Plaintiffs and Defendants, including counsel's agents and persons or entities consulted to assist counsel for Plaintiffs and Defendants in the prosecution of this action, outside consultants and experts retained by Plaintiffs and Defendants to assist his counsel for purposes of this litigation, to the extent necessary for such consultants or experts to prepare a written opinion, prepare to testify, or to otherwise assist counsel for Plaintiffs and Defendants in the prosecution of this action, provided that such use is solely in connection with this action and not for any other purpose;

        iii. Any person agreed upon in writing by all counsel in this lawsuit;

        iv. Court employees, court reporters, and persons preparing transcripts of depositions;

        v. Mediators, facilitators, case evaluators, and other parties retained to assist the parties with an out-of-court settlement or alternative dispute resolution; and

        v. Witnesses in the course of deposition and preparation to give testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery purposes.

    b. It shall be the responsibility of counsel to bring this Order to the attention of all persons within their respective firms and all agents, persons or entities consulted to whom

they disclose protected material, and to request that all such persons comply with the terms of this Order. Except for counsel of record in this action, their employees, and those persons described in paragraph 6(a)(iii), any person to whom Confidential material is disclosed shall, prior to or contemporaneously with receiving such material, be furnished with a copy of this Protective Order.

c. In the event that any material designated under this Protective Order as Confidential is used, described, characterized, excerpted or referenced in, or attached to, any document filed in this litigation:

   i. It shall not lose its confidential status through such use; and

   ii. The parties agree to file material designated as Confidential in redacted form or under seal to prevent the public disclosure of material designated as Confidential. Parties may file documents under seal with the Clerk of Court without seeking leave of court. The parties shall cooperate in good faith in an effort to ensure that only those portions of filings with the Court designated as Confidential shall be redacted or filed under seal.

d. All copies made of any material that is subject to this Order shall be clearly labeled on each page as containing "Confidential" material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals), subject to counsel's ethical obligations to maintain the client file. All materials designated "Confidential" shall be so marked prior to the exchange of those materials between the parties. Where it is not possible to affix a stamp or mark indicating that the material is "Confidential," counsel shall take reasonable steps to give opposing counsel notice of the materials' status as "Confidential." Legal memoranda and briefs

containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant or his counsel, or in the possession of a governmental entity and shall not in the future be disclosed contrary to the provisions of this Order.

e. Segments of deposition testimony may be designated as "Confidential" before the testimony is transcribed by so stating at or immediately prior to the deposition or by providing written notice that clearly identifies the segments to be designated as Confidential to all counsel, the court reporter, and all attendees to the deposition after the taking of the testimony. If deposition testimony is so designated prior to transcription, the transcript of the designated testimony shall be bound in a separate volume from any testimony that has not been so designated, with designated segments clearly marked "Confidential" by the reporter and shall not be made part of the public record. Regardless of designation made prior to transcription, each deposition transcript in its entirety shall be treated as "Confidential" until ten (10) days after the receipt of the transcript by counsel. Until ten (10) days after counsel's receipt of the transcript, a party may designate testimony as "Confidential" by giving written notice to opposing counsel.

f. If any counsel finds it necessary to refer to Confidential material in any oral proceeding, any party may move to seal that portion of the record.

7. Counsel shall report any breach of the provisions of this Order to counsel for the party whose protected material was divulged or compromised subject to counsel's ethical obligations to his or her client. Upon discovery of any breach, counsel shall take reasonable action to cure the violation and retrieve any Confidential material that may have been disclosed to persons not covered by this Order. Counsel shall also cooperate fully in any investigation of such breach

conducted by the Court.

8. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

9. The parties are hereby authorized to seek the admission in to evidence at the trial of this case any materials, or the contents thereof, that are designated pursuant to this Order, and nothing contained herein shall be construed as precluding Plaintiffs or Defendants from introducing any such materials, or the contents thereof, into evidence, subject to ¶6(c)(ii) above.

10. Any designation of material as Confidential or otherwise restricted under this Protective Order may be terminated at any time by a letter from counsel for the designating party or by an order of the Court.

11. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to documents, information, or other evidence that may be produced during the course of this litigation. The parties will, if any of the information or materials sought in discovery are attorney-client privileged or work product privileged, provide a log for inspection to the party seeking discovery.

12. If any third-party subpoenas seek to compel production of any confidential documents or information from the party who has received them under the terms of this Protective Order, the party who receives such subpoena or who is sought to be compelled to produce shall immediately give notice to the other parties of this action, and give the other parties an opportunity to intervene in such action to make objections regarding the subpoena or request to compel production. No confidential documents or information can be produced unless another court orders production of such confidential documents, over any objections from any party in

this case, or this Court enters such an Order.

13. This Order is without prejudice to the rights of any party to make any objection to any designation of confidentiality, to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial pursuant to ¶ 5 above.

14. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any document or information.

15. This Order is without prejudice to the rights of any party to seek from the Court modification of this Order.

Dated this 21st day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE