**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DWIGHT ABERNATHIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1044HEA |
| CARL HART, et al., | ) ) ) |
| Defendants. | ) ) |

**CASE MANAGEMENT ORDER (ORDER RELATING TO TRIAL) -
TRACK 5B:   PRISONER STANDARD**

By separate order issued this date the Court granted the plaintiff's motion for partial summary judgment, and as no other motion for summary judgment has been filed in this case, and the time for doing so under the prior order of this Court has passed, this matter is ready to be set for trial.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, the following order relating to trial shall apply in this case, and will be modified only upon the showing of exceptional circumstances:

**I.      ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **October 27, 2025**, at 9:30 a.m.
This docket is set as a one (1) week docket.

**Pursuant to Local Rule 8.04 the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use**

**the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.**

ANY REQUEST FOR A CONTINUANCE MUST BE FILED WITHIN FORTY-FIVE (45) DAYS OF THE TRIAL DATE.

In this case, except as otherwise stated below, the attorneys shall, not less than twenty (20) days prior to the date set for trial:

1. <u>Stipulations</u>:

Meet and jointly prepare and file with the Clerk a **JOINT** stipulation of:

(a) all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation; and

(b) a separate, brief summary of the case which may used for Voir Dire.

**Failure to comply with this portion of this Order may result in the imposition of sanctions, including but not limited to monetary sanctions against counsel.  <u>See</u> Local Rule 12.02**.

2. <u>Witnesses</u>:

(a) File a list of all proposed witnesses, identifying those witnesses who **will** be called to testify and those who **may** be called.

(b) Except for good cause shown, no party will be permitted to call any witness not listed in compliance with this Order.

3. <u>Applications for Writs of Habeas Corpus Ad Testificandum</u>:

File all applications for writs of habeas corpus ad testificandum at least **thirty (30)** days prior to trial.  Applications for writs of habeas corpus ad testificandum for non-party witnesses must include the <u>witness name</u>, <u>inmate number</u> (where applicable), and <u>address</u> of each witness, together with a brief summary of the substance of the witness' anticipated testimony.

4. <u>Exhibits</u>:

(a) Mark for identification all exhibits to be offered in evidence at trial (plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and file a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks

to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

   (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

   (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

  5. <u>Depositions, Interrogatory Answers, and Requests for Admissions</u>:

   (a) File a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

   (b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

  6. <u>Instructions</u>: File their written request for instructions and forms of verdicts. The parties may submit requests for <u>additional</u> or <u>modified</u> instructions at least ten (10) days before trial in light of an opposing party's request for instructions. **(The instructions shall consist of two sets of full and complete trial instructions. One set shall include at least one (1) pertinent citation for each requested instruction; the other set shall not include any citation or indicate which party has submitted it). <u>At trial, counsel should have jury instructions available on a rewritable CD or flash drive in a word-processing format to assist the Court in making necessary changes</u>. For detailed information concerning this Court's procedures, counsel should read the undersigned's Judge's Requirements**, Requirements, http://www.moed.uscourts.gov/sites/moed/files/judges/requirements/hea.pdf.

  7. <u>Trial Brief</u>: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

  8. <u>Motions in Limine</u>: File all motions in limine to exclude evidence at least twenty (20) days before trial. The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred in person or by telephone with opposing

counsel in a good faith effort to resolve the dispute presented by the motion. Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

9. <u>Pretrial Compliance Materials</u>: The parties shall mail or hand-deliver to chambers a paper working copy (courtesy copy) of all pretrial compliance materials.

**Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of certain evidence. See Local Rule 5.04.**

Dated this 21st day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE