UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT ABERNATHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1044 HEA |
| | ) | |
| CARL HART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Dwight Abernathie's Motion for Partial Summary Judgment. (ECF No. 45). Plaintiff moves for the entry of summary judgment as to liability against Defendant Carl Hart only. Defendant Hart failed to file a response, and the time to do so has expired. For the reasons that follow, Plaintiff's Motion for Partial Summary Judgment is granted.

### I. Background

Plaintiff Dwight Abernathie is a prisoner in the custody of the Missouri Department of Corrections. Plaintiff alleges that on October 28, 2021, while he was housed at Eastern Reception, Diagnostic, and Correctional Center ("EDRCC"), corrections officers sprayed him with pepper spray and physically attacked him. Plaintiff alleges that while he lay face down with his hands cuffed behind his back, Defendant Carl Hart, who was a sergeant on duty, repeatedly struck him in the head and face with a metal object and twisted his wrists and hands. Corrections officers

stood by and watched. Plaintiff alleges that he was then forcibly pulled on his feet and escorted to Administrative Segregation ("Ag Seg"), where he was stripped of his clothes and left naked for 24 hours. He also alleges that despite being sprayed with pepper spray, it was 48 hours before he was allowed to shower. Plaintiff further alleges that Defendant Hart wrote Plaintiff up on a false misconduct ticket, and Plaintiff spent 32 weeks in Ag Seg as a result.

Plaintiff filed suit against nine defendants: Defendants Carl Hart, Renee Neel, William Campell, Gary Tiefenauer, Edwin Messersmith, Dennis Spradling, Robert Reckert, Tyson Manche, and Donald Armbruster and brings the following five claims pursuant to 42 U.S.C. § 1983 for violations of the United States Constitution: Violation of the Eighth Amendment Cruel and Unusual Punishment – Excessive Force against Defendants Hart, Messersmith, Manche, and Spradling (Count I); Violation of the Eighth Amendment Cruel and Unusual Punishment – Failure to Protect/Failure to Intervene against all nine defendants (Count II); Violation of the Eighth Amendment Cruel and Unusual Punishment – Failure to Properly Train and Supervise against Defendants Neel, Campell, and Hart (Count III); Violation of the First Amendment Retaliation for Exercising First Amendment Rights against all nine defendants (Count IV); and Conspiracy to Violate Civil Rights against all nine defendants (Count V). Plaintiff also brings state claims of common law battery against Defendants Hart, Messersmith, Spradling, and Manche (Count VI). For

relief, Plaintiff seeks "all appropriate damages," attorneys' fees, and costs. (ECF No. 39 at 22).

On December 7, 2022, Defendant Hart was charged in the United States District Court for the Eastern District of Missouri on a three-count superseding indictment for Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 (Count I); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Count II and III). *See United States v. Hart*, 4:22-CR-692 RLW. Count I of the superseding indictment involved the October 28, 2021 attack on Plaintiff. On May 23, 2023, Defendant Hart entered a plea of guilty as to Counts I-III of the superseding indictment. Defendant Hart admitted that he knowingly deprived Plaintiff Abernathie of a right privilege or immunity secured by the Constitution or laws of the United States, specifically, the right to be free from cruel and unusual punishment; that he acted willfully, in that he committed such act or acts with a bad purpose of improper motive to disobey or disregard the law, specifically intending to deprive the person of that right; and he acted under color of law. (4:22-CR-692 RLW, ECF No. 34 at 2).

In his guilty plea agreement, Defendant Hart admitted that he engaged in the following conduct:

> On October 28, 2021, [Defendant Hart] was a corrections sergeant in the Missouri Department of Corrections in Bonne Terre, Missouri. [Plaintiff Abernathie] was housed in the wing in which [Defendant Hart] was assigned. Following a search of [Plaintiff Abernathie]'s cell

3

which resulted in a poster being destroyed, [Plaintiff Abernathie] complained to [Defendant Hart] about the correction officers' actions and asked for the poster to be replaced. [Defendant Hart] ignored [Plaintiff Abernathie]'s request, informed him that he's just an inmate, and sent him out of the office. [Defendant Hart] then called for a lockdown. When [Plaintiff Abernathie] did not immediately go to his cell, two corrections officers followed him and sprayed him with O.C. spray (mace). When [Plaintiff Abernathie] went to the shower room to rinse the spray out of his eyes, [Defendant Hart] and other corrections officers followed him. [Defendant Hart] struck [Plaintiff Abernathie] while in the shower. After [Plaintiff Abernathie] backed out of the shower, lay down the ground and put his hands behind his back to be handcuffed, [Defendant Hart] continued to strike [Plaintiff Abernathie] and wrenched [his] wrists while [Defendant Hart] sat on [Plaintiff Abernathie]'s back. As the result of [Defendant Hart]'s actions, [Plaintiff Abernathie] had injuries that included lacerations to his head, swelling to his face, black eye, left rib pain, and numbness in his arms. [Plaintiff Abernathie] still has pain to his rib cage.

(4:22-CR-692, ECF No. 34 at 3-4).

On October 4, 2023, Defendant Hart was sentenced to terms of imprisonment of 84 months on each of Counts I, II and III, all terms to be served concurrently. (4:22-CR-692 RLW, ECF No. 55 at 2).

In the motion before the Court, Plaintiff moves that that Court enter summary judgment against Defendant Hart on Count I of the First Amended Complaint. Defendant Hart failed to respond to either Plaintiff's Motion for Partial Summary Judgment or Statement of Uncontroverted Material Facts.

### III.   *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no

4

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

### III. Discussion

In failing to respond to Plaintiff's Statement of Uncontroverted Material Facts, Defendant Hart has not met the requirements of Local Rule 4.01(E) and is deemed to have admitted all the facts contained therein. *Deichmann v. Boeing Co.*, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), *aff'd*, 232 F.3d 907 (8th Cir. 2000). *Cf. Nw. Bank & Tr. Co. v. First Illinois Nat'l. Bank*, 354 F.3d 721, 725 (8th Cir. 2003) (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment). Further, Defendant Hart did not respond to any of the arguments Plaintiff made in support of his motion for partial summary judgment. A

party's failure to oppose a basis for summary judgment amounts to a waiver of that argument. *See City of Kennett, Missouri v. Env't Prot. Agency*, 887 F.3d 424, 430 (8th Cir. 2018); *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)). As Defendant Hart has admitted Plaintiff's facts and waived Plaintiff's arguments, the Court now turns to whether Plaintiff has established that he is entitled to the entry of summary judgment against Defendant Hart as to Count I.

In Count I, Plaintiff brings his claim against Defendant Hart pursuant to 42 U.S.C. § 1983 for violations under the Eighth Amendment. Plaintiff alleges Defendant Hart used excessive, unjustifiable force against him when he attacked him on October 28, 2021. Use of force by prison officials constitutes cruel and unusual punishment, if the force amounts to "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). On a claim of excessive force, the "core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023). "Whether pain is wantonly and unnecessarily inflicted depends, at least in part, on whether force could have plausibly been thought to be necessary to maintain order in the institution and to maintain the safety of the prison personnel or inmates." *Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993) (citing *Whitley*, 475 U.S. at 320–21).

By pleading guilty to violating the federal criminal civil rights statute, 18 U.S.C. § 242, Defendant Hart has admitted that he willfully deprived Plaintiff of his Eighth Amendment right to be free of cruel and unusual punishment.  *See United States v. Boone*, 828 F.3d 705, 711 (8th Cir. 2016).  In his plea agreement, Defendant Hart admitted to the willfulness element, acknowledging that he acted "with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive" Plaintiff of his rights under the Eighth Amendment.  (ECF No. 46 at 2). Defendant Hart also admitted in his plea that he physically attacked Plaintiff causing him to suffer serious "bodily injury." (4:22-CR-692, ECF No. 34 at 3-4).

Plaintiff has shown that it is undisputed that Defendant Hart willfully used excessive force against him that amounted to "the unnecessary and wanton infliction of pain," *Whitley*, 475 U.S. at 312, and that he purposely caused Plaintiff to suffer serious bodily injury.  The Court finds Plaintiff has established all the elements of a claim for excessive force under the Eighth Amendment.  Plaintiff is entitled to summary judgment as to liability against Defendant Hart in Count I of the First Amended Complaint for violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  This claim will be submitted to the jury for a determination of damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dwight Abernathie's Motion for Partial Summary Judgment against Defendant Carl Hart is **GRANTED.**  Plaintiff is entitled to the entry of summary judgment as a matter of law against Defendant Carl Hart as to liability in Count I of the First Amended Complaint.  [ECF No. 45]

Dated this 21st day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE