*Abernathie v. Hart, et al.*

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter referred to as the "Agreement") is made and executed by and between Dwight Abernathie (hereinafter referred to as "Plaintiff") and Carl Hart, Edwin Messersmith, Gary Tiefenauer, Renee Neel, Tyson Manche, Robert Reckert, Dennis Spradling, Donald Armbruster, and Sgt. Campbell (hereinafter referred to as "Defendants"). (Plaintiff and Defendants will hereinafter be referred to together as the "Parties".)  Plaintiff enters into this Agreement individually and through his lawyer, Ian T. Cross. Defendant Carl Hart enters into this Agreement through his lawyer, Stephanie M. Burton. All remaining Defendants enter into this Agreement through their lawyer, Jessica Ward, Assistant Attorney General.

For due and good consideration recited herein, the Parties agree and state as follows:

1.     **Plaintiff.** Plaintiff is the named plaintiff in a lawsuit styled *Abernathie v. Hart, et al.*, No. 4:23-cv-01044-HEA filed in the U.S. District Court of the Eastern District of Missouri (St. Louis) (hereinafter referred to as the "Lawsuit").

2.     **Defendants.** Defendants are all named defendants in the Lawsuit.

3.     **Scope of Agreement.** This Agreement embodies the entire agreement and understanding of the Parties with respect to the subject matter contained herein.  The Parties hereby declare and represent that no promise, inducement, or agreement not herein expressed has been made, and the parties acknowledge that the terms and conditions of this Agreement are contractual and not a mere recital.

4.     **Non-Admission.** No actions taken by the Parties hereto, or any of them, either previously or in connection with this Agreement shall be deemed or construed to be an admission

of the truth or falsity of any matter pertaining to any claim or defense alleged in the pleadings filed on behalf of the Parties in the Lawsuit, or an acknowledgment by any of the Parties hereto of any liability to the other parties or to any person for any other claim, demand, or action, all liability being expressly denied by the Parties.

5.      **Consideration.** In consideration of the dismissal of all of Plaintiff's claims in the Lawsuit against the Defendants as set out in paragraph 6 of this Agreement, and their general release of claims as set forth in paragraph 7 of this Agreement, one check in the amount of $650,000 made payable to Cross Law PLLC, shall be delivered to Plaintiff's counsel at Cross Law PLLC, 402 W. Liberty St., Suite 100, Arbor, MI 48103. Said payment shall be made within forty five (45) days following the execution of this Agreement. Plaintiff and his attorney shall cooperate with the Defendants and their counsel to facilitate such payment, including providing and/or executing any documents necessary to effectuate the payment, to include W-9s for any payees.

6.      **Dismissal of the Lawsuit and Claims against Defendants.** Within 5 days of the payment described in paragraph 5, Plaintiff shall execute a Voluntary Dismissal with Prejudice of the Lawsuit and all Claims against Defendants in Lawsuit pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which Plaintiff will file in U.S. District Court of the Eastern District of Missouri (St. Louis), thereby causing the dismissal all claims against Defendants in the Lawsuit with prejudice.

7.      **Release.** Plaintiff does hereby release, acquit, and forever discharge the Defendants, and the State Legal Expense Fund, and any current or former officer, employee, agents, agency, actor, or contractor of Defendants of all and from any and all liability, claims,

*Abernathie v. Hart, et al.*

actions, causes of action, demands, rights, damages, costs, interest, loss of service, expenses, and compensation whatsoever, whether or not now known or contemplated, which Plaintiff now has, or which may hereafter accrue, against the Defendants, or any current or former officer, employee, agent, agency, actor, or contractor of Defendants, based on or arising out of allegations that were made, or that could have been made, in the Lawsuit, or based on or arising out of the facts, circumstances, conditions, incidents, or occurrences that constitute the subject matter of the Lawsuit. This release specifically includes, but is not limited to, all matters which are or could have been the subject of the Lawsuit and/or any matters pertaining or relating to the Defendants, or any current or former officer, employee, agent, agency, actor, or contractor of Defendants which were raised, or could have been raised, in any of the pleadings filed in the Lawsuit.

8.    **Severability.**  If any paragraph or portion of this Agreement is held to be invalid by a court of law, then the remaining portions of this Agreement shall continue to be in full force and effect.

9.    **Full Consideration.** Plaintiff acknowledges that the consideration described in paragraph 5 of this Agreement is all that he or his representatives are ever to receive from the Defendants, or any person or entity whatsoever, for settlement of the Lawsuit, whether in settlement of Plaintiff's claims for damages, attorney's fees, costs, or other claims which were or could have been asserted in the Lawsuit.

10.    **Waiver of Attorney's Fees, Costs and Expenses.** It is agreed between and among the Parties to the Lawsuit that no party herein is a "prevailing party" within the meaning of any statute, rule, or other provision of law which is or may be in any way applicable hereto. Plaintiff hereby waives any claims he might have against the Defendants, or any current or former officer, employee, agent, agency, actor, or contractor of Defendants for attorney's fees, expenses, or costs.

*Abernathie v. Hart, et al.*

11.    **Court Costs.** The Parties will bear their own court costs.

12.    **Non-Assignment and Indemnity.** Plaintiff and Plaintiff's counsel hereby represent, acknowledge, and warrant that Plaintiff has not at any time heretofore assigned to any other person or entity all or any portion of any claim or potential claim whatsoever that they may have, or may have had, against the Defendants, or any current or former officer, employee, agent, agency, actor, or contractor of Defendants.

13.    **Taxation of Settlement Proceeds.** Plaintiff agrees and understands that Defendants have not made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and Plaintiff agrees he is individually responsible for determining the tax consequences of such payment and for paying the portion of taxes, if any, that may be owed by him with respect to such payment. In the event a claim for such taxes, and/or penalties and interest, is asserted by any taxing authority as a result of Plaintiff's failure to pay any taxes they have been determined to owe, but have failed to pay, Plaintiff agrees to defend, indemnify, and hold harmless Defendants, and any current or former officer, employee, agent, agency, actor, or contractor of Defendants for Plaintiff's portion of any and all tax liability, interest, and/or penalties as may be due as a result of their failure to pay any taxes they have been determined to owe as a result of the payment set out in paragraph 5 of this Agreement.

14.    **Payment of Liens Out of Settlement Funds.** Plaintiff and Plaintiff's counsel hereby agree that in the event any lien against the payment set out in paragraph 5 of this Agreement, known or unknown, exists, the lien or liens are to be satisfied out of the payment set out in paragraph 5 of this Agreement by Plaintiff. The Parties to this Agreement specifically agree that it is the sole obligation of Plaintiff and Plaintiff's counsel to ascertain the existence of any and all liens and that it is Plaintiff's sole obligation to satisfy such liens out of the payment set out in

*Abernathie v. Hart, et al.*

paragraph 5 of this Agreement. Plaintiff further agrees to defend, indemnify, and hold harmless Defendants, and any current or former officer, employee, agent, agency, actor, or contractor of Defendants for any valid lien, should such later become known or asserted against the Defendants, or any current or former officer, employee, agent, agency, actor, or contractor of Defendants.

15.    **Binding Effect.** The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions.  The signatories of the Parties declare that they are of legal age and that they have relied solely upon their own judgment without illegal, inappropriate, or undue influence of anyone in making this Agreement. This Agreement shall be binding upon, and inure to the benefit of the heirs, personal representatives, successors, and assigns of the Parties hereto.

16.    **Preparation of Documents.** This Agreement is the joint work product of the Parties hereto and, in the event of any ambiguity herein, no inference shall be drawn against a Party by reason of document preparation.

17.    **Further Execution.** Each Party hereto shall execute any and all documents as are necessary or desirable to consummate the transactions contemplated hereby.

18.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

19.    **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Missouri.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be deemed executed as of the date the Agreement was finally signed by the Parties below.

*Abernathie v. Hart, et al.*

_____
Dwight Abernathie
Individually

STATE OF MISSOURI          )
                           )      ss
COUNTY OF TEXAS            )

Before me, a notary public for the State of Missouri, personally appeared Dwight Abernathie, who did upon his oath state that he executed this Agreement as his free act and deed. Subscribed and sworn to before me this 29th day of April, 2026.

_____
Notary Public

> MaryAnn Phillippe
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Dent County
> My Commission Expires: October 15, 2027
> Commission Number: 14379174

My commission expires on 15 OCTOBER 2027

Page **6** of 7

## APPROVED AS TO FORM AND RELEASE OF LIENS

The undersigned counsel for Plaintiff approves the above Settlement Release. Counsel for Plaintiff further releases and waives any and all liens and claims that they or their law firm may have as attorneys and represents that no other person or entity has any liens on the consideration paid for the foregoing Settlement Agreement.

**Cross Law PLLC**

Ian T. Cross

**CATHERINE L. HANAWAY**
**Missouri Attorney General**

Jessica Ward
Assistant Attorney General

**Baty Otto Scheer, P.C.**

Stephanie M. Burton

Page 7 of 7